UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Magistrate Docket No. '07 MJ 2779

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>)  COMPLAINT FOR VIOLATION OF: |
| v. | )<br>)  Title 8, U.S.C., Section 1326 |
| Roberto AMAYA-Alcantar | )  Deported Alien Found in the<br>)  United States |
| Defendant | )<br>)<br>) |

The undersigned complainant, being duly sworn, states:

On or about **November 28, 2007** within the Southern District of California, defendant, **Roberto AMAYA-Alcantar,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **30th** DAY OF **NOVEMBER 2007**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Roberto AMAYA-Alcantar

## PROBABLE CAUSE STATEMENT

On November 28, 2007, Border Patrol Agent K. Johnston was assigned to line watch duties near Barrett Junction, California. This area is approximately six miles north of the United States/ Mexico International Border and is five miles west of the Tecate, California, Port of Entry.

At approximately 11:30 p.m., Agent Johnston responded to a seismic intrusion device and preceded north on the trail. After a short distance, Agent Johnston encountered two individuals hiding in a small ravine. Agent Johnston identified himself as a United States Border Patrol Agent and conducted a field interview and questioned the two subjects as to their citizenship and immigration status. Both subjects, including one later identified as the defendant **Roberto AMAYA Alcantar** admitted to being citizens and nationals of Mexico not in possession of any U. S. immigration documents that would allow them to enter or remain in the United States legally. The two subjects were arrested and transported to the U.S. Border Patrol Brown Field Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on May 11, 2007** through the Port of Entry at **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.